HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE, *et al.*,

    Plaintiffs,

    v.

DONALD J. TRUMP, *et al.*

    Defendants.

Case No. 17-497-RAJ

ORDER

    This matter comes before the Court on Defendants Donald J. Trump, Jefferson B. Sessions, III, and John F. Kelly's (the "Government") Motion to Dismiss. Dkt. # 24. For the reasons that follow, the Court **STRIKES** the Government's motion.

    On January 25, 2017, President Donald J. Trump issued Executive Order No. 13768, 82 Fed. Reg. 8799 (Jan. 25, 2017). The Executive Order announced policies and priorities concerning the enforcement of federal immigration laws. One of those policies regards the eligibility of "sanctuary jurisdictions" to receive federal funding. Among other things, that policy directs the Attorney General to "take appropriate enforcement action against any entity that violates 8 U.S.C. 1373, or which has in effect a statute, policy, or practice that prevents or hinders the enforcement of Federal law."

    On March 29, 2017, the City of Seattle filed a Complaint for Declaratory Relief seeking a judgment from this Court that Seattle complies with 8 U.S.C. § 1373 and that the Executive Order is unconstitutional under the Tenth Amendment and the Spending Clause.

ORDER – 1

On June 5, 2017, the Government filed a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. # 24.

On June 26, 2017, the City of Seattle filed an amended complaint adding the City of Portland, Oregon as a plaintiff and including additional allegations.  Dkt. # 27.

The Court now **STRIKES** the Government's motion to dismiss **as moot**.  Dkt. # 24.  Under Rule 15, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Here, the Government did not file an answer to the original complaint and the Cities filed their amended complaint within twenty-one days of the Government's motion under Rule 12(b).  As such, the Cities' amended complaint is timely under Rule 15(a)(1).  "[I]it is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"  *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)); *see also Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007-08 (9th Cir. 2015).  Because the Government's motion to dismiss is directed at the original complaint, the motion is moot.  Of course, nothing in this Order precludes the Government from moving to dismiss the Cities' Amended Complaint.  The Government shall file any such subsequent motion in accordance with the Federal Rules and the Local Civil Rules.

DATED this 5th day of July, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 2